■ In the Matter of the Claim of BERNARD DICKMAN, Appellant, v FRESKEE-TO FROZEN FOODS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed July 3, 1981, which ruled that claimant did not sustain a causally related disability and denied his claim for benefits. Claimant suffered a heart attack on July 14, 1970. He testified that on the morning of that day he became involved in a heated argument with his two brothers at their place of business which culminated in a physical attack upon him. While the altercation occurred at about 8:00 A.M., claimant did not go home until 4:30 P.M. From his home he telephoned his physician, went to the doctor's office and was hospitalized for treatment of a myocardial infarction. The claim was not submitted until April of 1976, five years and nine months after the event, and made no reference to an assault upon his person. Further, although claimant testified that he told both Dr. Feinberg, his physician, and Dr. Sterling, who treated him at the hospital, about the physical attack, neither doctor mentioned this incident in their reports. On this appeal from a decision of the board denying his claim for benefits, claimant argues that he has presented a prima facie claim for benefits substantiated by medical proof clearly showing that his myocardial infarction arose out of and in the course of his employment. Claimant also contends that he established a causal relationship between his employment and the resulting heart attack and is entitled to the presumptions of subdivisions 1 and 5 of section 21 of the Workers' Compensation Law in the absence of any substantial evidence to the contrary since the carrier failed to submit any controverting evidence to rebut claimant's case. We disagree. The Workers' Compensation Board was not required to accept claimant's testimony and the disbelief by the board, buttressed by the fact that the testimony of claimant, 10 years after the event, did not comport with the facts stated at the time of the incident, is not a lack of substantial evidence in support of a negative finding (*Matter of Spanglet v Metro System*, 39 AD2d 979). All that was before the board were questions of fact and credibility and we find no basis to disturb the board's conclusion that claimant's disability was not causally related to his employment. Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.